IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| BERNIE L. FARMER, No. 164500, ) | | |
| JAMES HARDY, No. 164676, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 03-4180-CV-C-NKL | |
| ) | | |
| DAVE DORMIRE, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

Plaintiffs' pro se motion to convert their Rule 60(b) motion for relief from judgment to a Rule 59(e) motion to alter or amend judgment is granted. However, such motion to alter or amend judgment is denied. The regulation banning role-play games within the Missouri Department of Corrections is neutral and logically advances the goals of safety and security identified by Missouri prison officials and is not an exaggerated response to those objectives. *See Menser v. Long*, No. 96-1593 (E.D. Mo. 1999) (unpublished) (rational for prison officials to fear that inmate exposure to role-play games may lead inmates to become absorbed with their roles in such games, lose touch with reality, and become violent). Therefore, pursuant the *Turner v. Safley*, 482 U.S. 78 (1987), analysis, such regulation of role-play games within the prison is constitutional.

Furthermore, a determination that the ban on role-play games within the Missouri Department of Corrections is constitutional, sufficiently addresses any alleged ancillary claims by plaintiff Hardy that his role-play materials confiscated by prison officials were creative writings, or by plaintiff Farmer that his role-play literature was improperly censored. *See Jacquay v. Maynard*, 47 F.3d 1178 (10th Cir. 1995) (unpublished) (complete ban on role-play material is reasonably related to prison safety); *Bahrampour v. Lampert*, 356 F.3d 969 (9th Cir. 2004) (prohibiting role-play materials reasonably related to legitimate penological interests).

Finally, the court notes that even if a ban on role-play games were found to be in violation of the First Amendment, defendants would be entitled to qualified immunity as to any claim for damages because there was/is no legal precedent that denying maximum security inmates role-play game materials violates their First Amendment rights. *See generally, Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir. 1998) (qualified immunity shields governmental officials from suit unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person should have known).

THEREFORE, IT IS ORDERED that plaintiffs' motion to convert their Rule 60(b) motion to a Rule 59(e) motion is granted [112]. It is further

ORDERED that plaintiffs' motion to alter or amend judgment is denied [111].

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: November 14, 2005
Jefferson City, Missouri